Caldwell, J.
The following statement of facts will be sufficient to understand the law questions in the case, and those are the only-questions involved.
There is a corporation in Chicago, in the state of Illinois;, that corporation has a debtor residing at Akron, Ohio; that debt is evidenced by a promissory, note made payable in-Chicago, where the corporation has its residence. The cor *599 poration becomes insolvent, its debtors proceed against it; they apply to the United States court and have a receiver appointed. That receiver, it will be admitted, takes possession of all property in the state of Illinois belonging to that corporation.
After the receiver was appointed, but before he takes possession of any property, or of the debt, before hejcollects the debt owing to the corporation by the party living' in Akron, another party in Akron sues the corporation [and garnishees the corporation’s debtor who lives in Akron,— that is, after the receiver is appointed^.
The garnishee answers in that case admitting the debt -to the corporation, and is ordered to pay to the plaintiff in the attachment case. A contest arises between the receiver of the corporation, and the attaching creditor living in Ohio.
Out of these facts arise certain questions of law:
First, how far the doctrine of comity is carried.
It is claimed on behalf of the attaching creditor, that a voluntary conveyance by a party in one state, transfers title and right to his assignee or his transferee, whoever it may be, to his property wherever that property may be found.
That is admitted, and that is the law generally.
Another proposition is,, that if the conveyancers not voluntary, but is forced, as where creditors may put a party in bankruptcy, or where creditors may undertake to force the property out of the hands of this corporation, by means of a receiver, for their payment, that in those instances it does not operate as such a transfer of the property that it will prevent a creditor of that corporation who lives in another state,from garnishing, as in this case, and enforcing the garnishee process by way of judgment upon the same.
That proposition is true, and there is reason for this. .
As to the first proposition, where one party conveys his property by his own voluntary act, he passes by such conveyance the full and complete title to that property, *600 wherever it may be. But in the other case there is no conveyance of property at all,- — no passing of title, except as the creditors are undertaking to fasten upon that property. You may fasten upon property and get a lien upon it by means of a receiver, by means of forcing a debtor into bankruptcy, or into insolvency courts, as you can in many states, or by attachment, and perhaps other ways.
That however is not a complete transfer of the property, but it is only reaching it by process of lawj; and the law prevails generally in the states, — -quite generally, and that is the law of Ohio as we understand it; it has been not positively announced in the 38th Ohio St., but clearly intimated by the court that that is the law of Ohio — that a resident creditor of the state will be protected as to assets of the insolvent in the state, as against a receiver, or against an involuntary bankruptcy proceeding — a receiver appointed in another state.
The second propositiSn of law arising is this. When a federal court acquired jurisdiction of this matter, it prohibited' all other courts form obtaining any jurisdiction over these debts, or over these assets, although they might be in another state.
That rule of law is not well stated. The rule is now well settled, that where a United States court gets jurisdiction in a case of this kind, that that jurisdiction is exclusive of the state courts only within the jurisdiction of that United States court.
That being the rule, as we understand it to be laid down by the courts, it clearly follows that a‘United States court of Illinois, that court’s jurisdiction being limited to a territory that would not include the state of Ohio, does not prohibit the courts of the state of Ohio from taking jurisdiction of this matter.
The third proposition is, that this indebtedness of the debtor residing in Akron, to the corporation, being evidenced *601 by a note, that the situs of that debt is where that note is made payable, or where it is. This note was made payable in Chicago; this note is admitted, to have been in Chicago, and therefore it is held that the situs of this property of this insolvent corporation, so far as this note was concerned, was in the state of Illinois; and that being true, that a complete title of it and the possession of it passed to the receiver, and having passed to the receiver, that we have no right to touch the matter in this state.
If that is the correct proposition of law, then no doubt this attachment must fall, but if it is true that the situs of this debt is not in Illinois, but in Ohio, then such result does not necessarily follow.
That leaves in this case, then, only this one proposition to be considered.
There are cases that hold that the situs of that debt is in Illinois. There are some cases, two in Pennsylvania, and one in 2 Wallace Jr. 131, and another in 17th Pa. St., 91; then there is a case of Gillander v. Howe, 35 New York 657, that hold the doctrine that the situs of that debt is in Illinois, and I need only read from a part of the decision announced by Peckham, J. in the New York case referred to. The case recognizes this distinction between a debt and other personal property; and Speed v. May, and Caskey v. Webster, were declared in that case to be correctly decided upon that distinction.
The court say:
“,A chose in action cannot be said to have any actual situs in the place where the debtor resides; as a general principle, it is payable at the residence of the creditor, if not expressed otherwise, and a tender,to be good, must be made to the creditor. There would seem, therefore, to be no sound basis for the debtor’s state, to legislate exclusively as to the legality of a transfer of that debt, made by a foreign creditor. In such case, as in all others, where the property transferred does not actually lie within the jurisdiction of another government, a sale or a contract, valid where made, is valid everywhere. ’ ’
*602 If the proposition is true in this state, that the situs of that debt was in Illinois, then the reasoning of Judge Peck-ham in that case, as well as the courts in the other cases, must prevail in this.
This matter of allowing a receiver in another state, appointed by a court in another state, to come into Ohio to collect the debts due the debtor’s estate of which he has become receiver, is purely a matter of comity; and comity, as it has grown up, has become a rule of law to some extent, but it is not always a uniform rule of law; the states do not hold the same in regard to it.
The reason for not allowing a receiver to come into a state and collect the debts, where those debts have been attached by persons residing out of the state where the receiver receives his authority, is, that that”property of the debtor has been in the state where a debt has been contracted, relying upon that property as a source of payment of that debt. The creditor who got out his attachment process in Akron, no doubt might have relied upon the fact of the Chicago corporation having property here, and hence it is regarded as equity, that those who have trusted, relying upon definite property, should not have that property carried away from them by other creditors who have not relied upon it and trusted by reason of it, and making the party who has relied upon the property go to another state and present his claim, to take his chances with those who have not been situated as he was.
Where therefore the rights of a citizen of a state are to be thus interfered with, and he is not to be allowed the privilege that the state thinks he ought to have, then the foreign state says to the receiver, no, you cannot take this property away from the creditors who live here, if they have seen fit to seize upon that property; it is inequitable, and there we will cut off this rule of comity.
Is this a case where that rule of comity is to be allowed, or where comity should not obtain?
*603 We will read from Kent’s Commentaries, vol. 2, sec. 407:
“So in Virginia and Kentucky, under their statute laws, all real and personal property within the state, even debts and choses in action, are held, to be bound by the attachment laws of the state, though the owner should execute an instrument in control of it at his domicile abroad. Thp rule of courtesy is held to be overruled by positive law. The law of the locus rei sitae overrules the law of the domicile in this case, and debts due to absentees have so far locality, and are subject to attachment by the creditors of such absentees.”
And Kent cites numerous authorities,
The same doctrine is very fully discussed in Story’s Conflict of Laws, pages 336 and 357, with the same result.
While Peckham, J., says that he knows of no authority holding that the situs of the debt can be changed by an enactment of a state, and that the situs is where the creditor lives, Kent shows that there is a long line of authorities the other way, as well as does Story; and they hold that the, attachment laws of the several states allowing a creditor, as he may do in this state, to garnishee a debt where that debt is evidenced by a note, that he may garnishee the debtor where he resides, where the debt is owing, and may collect that debt. In fact, our courts have gone a long ways in regard to the matter of garnisheeing debts evidenced by promissory notes. They have gone so far as to say that a transfer of the note to any one, which is not bona fide, but in payment of a debt, after the debt has been garnisheed in another state even, does not pass any title that will defeat the garnishee process.
So that the reasoning of these courts is this, that although the rule of comity may extend, yet where the state where the debtor resides has stepped in and said that so far as the law of attachment is concerned, the situs of that debt shall be in the state where the debtor lives; that as to the law of that state, the situs is changed at least, and the situs be *604 comes the place — the state where the debtor lives. It seems, from what I have already said, that this is the rule in some states, but not in other states, although as to the Pennsylvania cases I will say this, that in the 50th Pa. St. 230, that court, held that where the state of Pennsylvania had changed the situs of the debt to be that of Pennsylvania where the debtor lived, that that changed or did away with the comity in such a case, and changed the situs to that of Pennsylvania,
I know it has been said that that did not essentially follow iff the 50th Pa. St. case that I have cited, owing to the pecular facts, but upon the broad ground that if the state where the debtor lives has changed the situs, then as to the law of that state, the situs is where the debtor lives.
We need go only one step farther, and that is to see what our own state has said upon this matter.
In Owen v. Miller, 10 Ohio St., 136, the syllabus is this:
“Where a person then residing in Ohio, sold a tract of land to two persons, also residing in Ohio, and took notes payable to his order, and a mortgage to secure the purchase-money, and then removed to New Jersey, where, under a writ of attachment issued against him as an absconding debtor, the notes were seized and afterwards sold. Held: That the notes were merely evidences of indebtedness, and the seizure of them in New Jersey gave no power to divest the property in the debt secured by the notes and mortgage, which is to be regarded as existing where the makers of the notes, the debtors, resided.”
Reading from page 143, from the decision in the above case, the court say:
“We are brought,then,to the simple question,whether the promissory notes given for a debt, being in New Jersey, and the makers of the notes, or the debtors,residing in Ohio, the property was in New Jersey or in Ohio? In substance, there is a sum of money in the hands of one man, to which another has title or claim, and the evidence of that title or claim is a promise in writing to pay the money. Upon principle, it would seem clear that the subject-matter to *605 which the title or claim relates is the property, and not the evidence showing the title or claim.”
And here is the reasoning, and while it may be said that this case in all its facts is not like the case at bar, yet the reasoning of the court is to be followed:
“The payee of a promissory note has a property vested in him, but it is in action, not in possession. 2 Bla. Com. 468. It consists in the contract of the maker, and this contract has been said to differ from other contracts in two important particulars: First — It is assignable, whereas a chose in action at common law is not; and, secondly, the instrument itself gives a right of action, for it is presumed to be given for value, and no value need be alleged as a consideration for it. This difference may lead to the idea that there is property in the evidence of the contract; but really the contract constitutes the property — it is property in action. The thing in action has peculiarities which distinguish it from other things in action; but it is still, in law, a thing in action.”
And then the court goes on and holds that the real property is the debt, and that is where the debtor lives.
Taking, then, this law of property, we find no trouble whatever in placing Ohio on the side of those states that hold that where a state has given a right to a creditor, living within its boundaries, to attach a debt, although the evidence of that debt may be hela in another state, that it has so far given a right by law that the situs of that property is changed, and it is in the state where the writ of attachment is given.
This being the law, the situs of this debt was here in Ohio.
If it was here, then by that rule of law it cannot be in Illinois. It cannot be in two places. There was no property, according to the 10th Ohio St. that I have referred to, in Illinois but a property in a right of action; the real property was in Ohio. That being true, the general principles of law heretofore announced make it clear in this case that *606 the attaching creditor residing here has a right to the money due-from the debtor of the corporation, who resides in Akron. Hence the receiver must fail in this action.
Doyle & Bryan, for Plaintiff.
Grant & Sieher, for Receiver.